UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN TODD SACKRIDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN MATEO COUNTY JAIL, et al.,<br><br>　　　　Defendants.　　　　　　　／ | No. C 13-3523 NC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Steven Todd Sackrider, an inmate at San Mateo County Jail (SMCJ), filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).  Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

**II. Plaintiff's Allegations**

In his complaint, Plaintiff alleges the following.  Plaintiff was transferred to SMCJ on May 22, 2013 with prescription medications prescribed by two doctors.  He was denied access to them by SMCJ staff.  Plaintiff submitted grievances which were denied.  His health is declining due to lack of proper medications.  Plaintiff was told by SMCJ staff that the medical and psychiatric staff operate independently of the jail and they refuse to act on his behalf.

Based on these allegations, Plaintiff sues the SMCJ and its directors and supervisors,

the SMCJ medical and psychiatric services staff, Sheriff Greg Munks and Dr. Gapol, SMCJ Psychiatric Services.

### III. Claim for Deliberate Indifference to Serious Medical Need

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs. First, he does not allege that he has a serious medical need or needs. Second, he does not allege the person or persons who are responsible for preventing him from having his medication. Naming the SMCJ, its supervisors and directors, the entire SMCJ Medical and Psychiatric Services staff, Sheriff Munks and Dr. Gapol, without allegations linking them to his constitutional deprivation, fails to state a cognizable claim against them.

To state a claim against individuals such as the SMCJ Medical and Psychiatric staff and Dr. Gapol, Plaintiff must allege the conduct of each specific individual that violated his constitutional right. Here, Plaintiff does not name any individual except for Dr. Gapol and he does not allege what Dr. Gapol did that violated Plaintiff's rights. Plaintiff is given leave to amend to add the names of specific individuals and the conduct of each individual that violated his constitutional right.

The same is true for the supervisory Defendants. Under no circumstances is there vicarious liability under § 1983. Or, in layman's terms, under no circumstances is there

3

liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Because there is no vicarious liability under § 1983 and Plaintiff does not include allegations showing that the supervisory Defendants were personally involved in the constitutional deprivation or that there is a causal connection between the supervisory Defendants' conduct and the constitutional violation, Plaintiff's claims against the directors and supervisors of SMCJ and Sheriff Munks are dismissed. Plaintiff is granted leave to amend to add allegations to remedy the noted deficiency, if he truthfully can do so.

Furthermore, even though SMCJ may be suable as a local government entity, local governments are subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff is granted leave to remedy these deficiencies, if he truthfully can do so.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

4

2.     If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3523 NC (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in the deprivation of Plaintiff's constitutional rights, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3.     The Court assumes that Plaintiff is a convicted inmate. If Plaintiff was a pre-trial detainee on the date of the incidents of which he complains, he must indicate this in his amended complaint.

4.     Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

5.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  August 5, 2013

NATHANAEL M. COUSINS
United States Magistrate Judge